UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17 CR 561 CDP-4 |
| ) | |
| KIHAUNDRA WARREN, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendant Kihaundra Warren's motions to suppress surveillance, evidence, and identification and on her motion for early *Jencks* material. All pretrial motions were referred to United States Magistrate Judge Shirley P. Mensah.

Judge Mensah held a status hearing on the motions on May 24, 2018, at which time the parties agreed that the motions to suppress surveillance and evidence and for early *Jencks* material were moot. She then held an evidentiary hearing on the motion to suppress identification testimony on June 29, 2018. After the parties filed additional post-hearing briefs, Judge Mensah entered a Report and Recommendation, making detailed findings of fact and conclusions of law. She recommended that the motion be denied. Defendant filed timely

objections. I have conducted de novo review of the motions, including reading the transcripts of both the status hearing and the evidentiary hearing, and all the parties' briefs. I have also reviewed Defendant's Exhibit 3, which was introduced into evidence, which was a video taken from inside the undercover police vehicle.[1] Although Judge Mensah concluded that the pretrial identification procedure at issue was impermissibly suggestive, she ultimately concluded that the pretrial identification was nevertheless reliable under the totality of the circumstances. From my *de novo* review, I conclude that Judge Mensah's ruling was correct, and that the motion should be denied because, under the totality of the circumstances, the out-of-court identification is sufficiently reliable to be introduced into evidence. Defendant will, of course, be free to raise the suggestiveness of the out-of-court identification through cross-examination and argument at trial.

The identification that was the subject of the motion was made by St. Louis Metropolitan Police Detective Garrett Burgess, who was acting in an undercover capacity when, on December 5, 2017, he used an "unwitting" person to purchase drugs from Tony Gleghorn and an accomplice. The government's theory is that

---

[1] The other exhibit received by Judge Mensah, Exhibit 2, was a surveillance video taken from a pole camera. This video was shown to Judge Mensah from counsel's computer, but no copy of it was received by the Clerk. I thus did not review this exhibit, but did not need to because the witness making the challenged identification, Detective Burgess, was not the witness viewing the pole camera evidence.

defendant Kihuandra Warren was the accomplice.  The purchase took place on the street.  The undercover officer had picked up the "unwitting" witness in his car and made arrangements with her to obtain cocaine from a source.  As they drove down the street Tony Gleghorn was standing on the passenger side of a vehicle parked with its hood up.  A woman was sitting in the driver's seat of the car.  As they drove by the Gleghorn car, the unwitting witness told Detective Burgess to pull over, and he parked a few car lengths ahead of the car.  Detective Burgess testified that he saw the woman in the car as he drove by, and that he observed her involvement in the drug transaction through his rear view window and by turning around and looking.  The next day, December 6, 2017, he drove the unwitting witness by the same area where they saw the same woman, whom she identified as "Skeet."  Sometime after that ATF Agent Vincent Liberto showed Detective Burgess a photo of defendant Kihuandra Warren and Detective Burgess identified her as the woman involved in the drug transaction on December 5 and who he had seen again on December 6.

    Defendant's main argument is that Agent Liberto's showing a single photo to Detective Burgess renders Detective Burgess's identification unreliable.  Even if the one-photo showing was an unduly suggestive police procedure, Detective Garrett's statement that the woman in the photo was the one involved in the drug

transaction was not an unreliable identification. The totality of the circumstances, including the Detective's opportunity to see the same woman on two consecutive days, the level of attention he paid during the controlled buy, and the timing of the identification, show sufficient indicia of reliability for the testimony to be admissible. It will of course be subject to cross-examination at trial, and whether it is ultimately believed is for the jury to decide.

The arguments defense counsel raises about contradictions in Detective Burgess's testimony and whether the video is consistent with his testimony are issues that can be raised through appropriate cross-examination and argument at trial and are not grounds for suppressing the evidence.

I conclude that the identification evidence is admissible, for the reasons set out here and set out more completely in Judge Mensah's Report and Recommendation, which correctly finds the facts and reaches the correct conclusions of law.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [298] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's motion to suppress identification [224] is denied.

**IT IS FURTHER ORDERED** that defendant's motions to suppress evidence and surveillance [225, 226] and her motion for early disclosure of *Jencks* materials [227] are denied as moot.

**IT IS FURTHER ORDERED** that this case remains set for a **jury trial** on the **two week docket beginning October 15, 2018 at 8:30 a.m.** and a **final pretrial hearing** and hearing to make a record of any plea concessions offered by the government will be held on **Wednesday, October 10, 2018 at 12:30 p.m.** in Courtroom 14-South.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2018.